**!IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| AE KYUNG LEE, | Civil Action No. 2:24-cv-00508-GEKP |
| Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE
DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Ae Kyung Lee's ("Plaintiff") Complaint (the "Complaint"), as follows:

Experian admits that Plaintiff's pleading purports to be a complaint for violations of the Fair Credit Reporting Act ("FCRA") but denies that Experian violated the FCRA. Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this Answer. Experian's specific responses to the numbered allegations are set forth below:

## I.     INTRODUCTION

1. Plaintiff, Ae Kyung Lee, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. (Experian) has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

**ANSWER:** In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state a claim under the FCRA. However, Experian denies that it has violated the FCRA.

Experian denies that it negligently and recklessly disseminated false information regarding Plaintiff's credit. Experian further states that the FCRA speaks for itself and denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

2.  Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff.

**ANSWER:**  In response to paragraph 2 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 2 of the Complaint.

3.  Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**ANSWER:**  In response to paragraph 3 of the Complaint, Experian denies that it has violated the FCRA. Experian further denies that it is liable to Plaintiff for any damages, injunctive and declaratory relief, or attorneys' fees and costs. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

## II.    JURISDICTION AND VENUE

4.  The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 p. Defendants regularly conduct business within the state of Pennsylvania and violated Plaintiff's rights under the FCRA in the state of Pennsylvania as alleged more fully below.

**ANSWER:**  In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the FCRA, 15 U.S.C. §§ 1681 *et seq*. Experian states that this is a legal conclusion which is not subject to denial or admission. Experian admits that Plaintiff has alleged that Experian regularly conducts business in the State of Pennsylvania. Experian denies that it violated Plaintiff's rights under the FCRA in the State of Pennsylvania. Except as specifically

admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5.  Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

**ANSWER:**  In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged venue is proper. Experian states that this is a legal conclusion which is not subject to denial or admission.

### III.    PARTIES

6.  Plaintiff, Ae Kyung Lee ("Plaintiff"), is a resident of Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**  In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation therein.

7.  Defendant Experian is similarly one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 168la(d)(l) of the FCRA, to third parties.

**ANSWER:**  In response to paragraph 7 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and that it issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

**ANSWER:** In response to paragraph 8 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian denies that it is a corporation incorporated in the State of Florida. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

## IV.    FACTUAL ALLEGATIONS

9. Sometime prior to April 2022, Plaintiff noticed that her credit reports reflected that she had a balance owed to Citi Cards/Citibank ("CITIBANK") in the amount of $7,141.00.

**ANSWER:** In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. However, this information is inaccurate because the Plaintiff has no such balance with CITIBANK. In December of 2021, the Plaintiff obtained a discharge of her debts, including this CITIBANK debt, via a Chapter 7 bankruptcy.

**ANSWER:** In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. Around the same time, Plaintiff also noticed that her credit report reflected that she had a balance owed to Citizens Bank ("CITIZENS") in the amount of $2,454 with a status of "account charged off".

**ANSWER:** In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.  This information inaccurate because the Plaintiff has no such balance with CITIZENS. In December of 2021, the Plaintiff obtained a discharge of her debts, including this CITIZENS debt, via the Chapter 7 bankruptcy.

**ANSWER:**  In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.  Since these accounts were discharged in bankruptcy, they could not be reported as currently having a balance.

**ANSWER:**  In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.  Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**ANSWER:**  In response to paragraph 14 of the Complaint, Experian admits that the allegations contained therein appear to quote a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 12.

15.  Defendants violated Section 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information concerning Plaintiff's CITIBANK and CITIZENS accounts by reporting the accounts with balances when the balances had been previously discharged through Plaintiff's chapter 7 bankruptcy.

**ANSWER:**  In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16.  As a direct and proximate result of the Defendant's willful and/or negligent conduct, Plaintiff has been harmed in her daily life. For example, Plaintiff's debt-to-income ratio has been

significantly affected by Defendant's reporting of a balance on an account that was discharged in bankruptcy.

**ANSWER:** In response to paragraph 16 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## V.    COUNT I
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

17.  All preceding paragraphs are realleged.

**ANSWER:** In response to paragraph 17 of the Complaint, Experian fully restates its answers to each of the preceding paragraphs as though fully stated herein.

18.  Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**ANSWER:** In response to paragraph 18 of the Complaint, Experian admits that the allegations contained therein appear to quote a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 16.

19.  Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report and prevented it from being reported in the first place, considering that Experian had actual notice that the Plaintiff's account had been discharged in bankruptcy.

**ANSWER:** In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

20.  Experian's conduct was willful, considering the fact that Experian could have easily verified what the Plaintiff was telling it - that her balances with CITIBANK and CITIZENS had been discharged in bankruptcy - but it nevertheless recklessly disregarded that information and failed to have adequate procedures in place to prevent the reporting of discharged balances.

**ANSWER:** In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

21.  As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**ANSWER:**  In response to paragraph 21 of the Complaint, Experian denies, generally and

specifically, each and every allegation contained therein.

### VI.     DEMAND FOR TRIAL BY JURY

22.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**ANSWER:**  In response to paragraph 22 of the Complaint, Experian admits that Plaintiff has

demanded a trial by jury on all issues triable.

### VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment against Defendants as follows:

(a)     Awarding Plaintiff actual damages;

(b)     Awarding Plaintiff statutory damages;

(c)     Awarding Plaintiff punitive damages;

(d)     Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest;

(f)     A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

(g)     Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

(h)     Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**ANSWER:**  Experian admits that Plaintiff prays for relief but denies that Plaintiff is entitled to

any relief.

### EXPERIAN'S AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following

affirmative defenses. By asserting the defenses set forth below, Experian does not allege or admit

that it has the burden of proof and/or the burden of persuasion with respect to any of these

defenses. Nor does Experian admit that Plaintiff is relieved of her burden to prove each and

every element of her claims and the damages, if any, to which she is entitled.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient

to state a claim upon which relief may be granted against Experian and further fails to state facts

sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE EXPENSE
### (STATUTE OF LIMITATIONS/LACHES)

Plaintiff's claims fail to the extent that they are barred by applicable statutes of limitation,

including but not limited to 15 U.S.C. § 1681p, or by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

Plaintiff's claims against Experian are barred to the extent that all information Experian

communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

Plaintiff's claims for equitable relief fail to the extent that they are barred by the doctrine

of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

On information and belief, Experian alleges that any alleged damages sustained by

Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third parties and

resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged

negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (INTERVENING SUPERSEDING CAUSE)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## EIGHT AFFIRMATIVE DEFENSE
### (COMPLIANCE WITH LEGAL REQUIREMENTS)

Experian maintains and follows extensive policies and procedures to ensure the maximum possible accuracy of consumer credit files, reports, and disclosures. Included in these policies and procedures are mechanisms to ensure that Experian reports accurate information and conducts reasonable reinvestigations within the meaning of the FCRA.

At all times relevant to the Complaint, Experian complied with all applicable statutory, regulatory, and common law requirements, and accordingly, Plaintiff's claims are barred by Experian's compliance with all applicable state, federal, and local laws and regulations.

## NINTH AFFIRMATIVE DEFENSE
### (PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America.

## TENTH AFFIRMATIVE DEFENSE

**(ARBITRATION)**

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## RESERVATION OF RIGHTS

Experian hereby reserves the right to amend its Answer and Affirmative Defenses, and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the FCRA, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Tiffany M. Middlemas*
Tiffany M. Middlemas
*Pro Hac Vice*, IL Bar No. 6346136
JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
Telephone:     +1.312.269.4224

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

Dated: May 22, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


                        */s/ Tiffany M. Middlemas*
                        **Counsel for Defendant**
                        **Experian Information Solutions, Inc.**